[File No. 5906.]

NELLE OTTINGER, Respondent, v. GUY A. OTTINGER, Appellant.

(237 N. W. 201.)

Opinion filed June 9, 1931.

*P. W. Lanier,* for appellant.
*Knauf & Knauf,* for respondent.

BIRDZELL, J. In 1928 a judgment was entered in a suit by Nelle Ottinger against Guy A. Ottinger, ordering and decreeing separate maintenance to the plaintiff in the sum of $60 per month until the further order of the court; also requiring payment to the plaintiff of $30 per month toward the support and maintenance of a minor son. The judgment required both plaintiff and defendant to assist the minor son in obtaining an education. The defendant was further required to pay the interest on a $2,000 mortgage and the taxes upon the home, the use of which was decreed to the plaintiff. In June, 1930, an order to show cause was obtained by the plaintiff based upon her affidavit showing certain defaults in the payments theretofore ordered to be made. A hearing was had on the return of the order, at the conclusion of which the court made a further order from which this appeal is taken. The order recites the admission of the defendant that he was in default in the sum of $390, finds that the defendant was well able to make a greater portion of said payments and that he had willfully and intentionally neglected to make the same. It provided that commencing July 1, 1930, the defendant pay the plaintiff the sum of $60 per month as theretofore required but that he be not required to pay the sum of $30 per month after the last of July, 1930, for the maintenance of the minor son and that of the sum in default he should be required to pay on or before August 1, 1930, $100; on or before September 1st, $100; and on or before October 1st, the sum of $100; and in addition therein the sum of $60 for the month of July, of which latter payment $20 had previously been made; and that in case of default an order would issue committing the defendant for contempt.

In response to the order to show cause the defendant appeared for

examination and was examined in open court where his testimony and that of the plaintiff was taken. The only issue on the appeal is as to whether or not upon the showing thus made it sufficiently appears that the defendant has done all in his power to comply with the orders of the court. The argument on behalf of the appellant submits the transcript of the record in the lower court as showing that under present conditions the defendant is utterly incapable of meeting the requirements of the order. The appellant does not point out wherein the record makes this clear and after a careful reading of the transcript we cannot say that it is demonstrated that the defendant has done his utmost to comply with the order. A detailed statement of the facts will not be attempted. It will serve no useful purpose. Suffice it to say that the defendant is engaged in the practice of his profession as a veterinarian; that during the past few years there has been a substantial decrease in his earnings. Upon the hearing he produced his cash book, expense book and his day book, from which he gave certain testimony. His ledger was not produced in court, but it was submitted for the examination of plaintiff's counsel. None of these exhibits are in the record on appeal. We can make no exact statement as to what these books show, but from the testimony it would appear that the defendant's business had been fair. He was doing a business ranging from approximately $110 a month to approximately $400 a month, but the cash collections would range from approximately 50 to 75 per cent of the gross business. His living expenses were from $60 to $65 per month for board and room and in addition he was required to meet modest office expenses and maintained certain fraternal relations at moderate yet, in the aggregate, substantial cost. He carried life insurance payable to his son and some accident and health insurance. From such facts as appear in the record we cannot say that he was shown to have been particularly extravagant in any of his expenditures. Neither can we say that he might not have been able to have complied with the order of the court. The trial court approached the matter with the view that it was the first duty of the defendant to take care of his wife and family in the manner required by the previous order, although some modification was made in view of the ability of the son to earn money. This duty appears to have become even more imperative here on account of added impairment to the plaintiff's health.

The record shows that there were months when the defendant entirely defaulted in his payments, notwithstanding he had earned enough to meet them. The appellant does not present a record showing practical inability to comply with the order.

It follows that the order appealed from must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and BURKE, JJ., concur.